735 F.2d 1552
 18 Ed. Law Rep. 221
 The SANSOM COMMITTEE, an unincorporated association,
appearing by Elliot C.R. COOK, trustee ad litem, William B.
Bolton, Michael Karp, Robinson Fredenthal, Nicoles, Inc.,
t/a La Terrasse, Nicholas Muhlenberg, Campus Pharmacy, Inc.,
and John W. McCoubrey, Appellees,
v.
James LYNN, individually and as Secretary, Department of
Housing and Urban Development, Joseph LaSala, Acting Area
Director, Department of Housing and Urban Development and
The Redevelopment Authority of the City of Philadelphia.
Appeal of the TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA.
 No. 83-1253.
 United States Court of Appeals,
Third Circuit.
 Argued Dec. 13, 1983.
Decided June 1, 1984.
Rehearing and Rehearing In Banc
Denied July 6, 1984.
 
 Stewart Dalzell (argued), Alfred W. Putnam, Jr., Sharon L. Klingelsmith, Drinker, Biddle & Reath, Philadelphia, Pa., for appellant.
 Mari M. Gursky (argued), John M. Coleman, Dechert, Price & Rhoads, Robert J. Sugarman, Mary B. Coe, Sugarman & Denworth, Philadelphia, Pa., for appellee, The Sansom Committee.
 Carl S. Primavera, Robert J. Guerra, Legal Division Redevelopment Authority of the City of Philadelphia, Philadelphia, Pa., for the Redevelopment Authority.
 Before SEITZ, Chief Judge, and GARTH and BECKER, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Chief Judge.
 
 
 1
 The Trustees of the University of Pennsylvania (the "University") appeal from an order of the district court dated April 5, 1983. Much of the history of this complex litigation is found in our opinion in Sansom Committee v. Lynn, 735 F.2d 1535 (Sansom I ), filed contemporaneously. This appeal will be designated as Sansom II.
 
 
 2
 This appeal arises out of an order following a motion by The Sansom Committee (the "Committee") to modify the 1982 Consent Decree signed by the Committee and the University. The order extended the deadline provided in the 1982 Consent Decree for the purchase of properties by the Committee's designees until thirty days after the termination of any appeals relating to the properties. A preliminary issue is the basis for our appellate jurisdiction. A major purpose of the district court's order was to preserve the rights that the consent decree gave the designees by preventing the University from taking any action premised on the original expiration date in the 1982 Consent Decree. We believe that this order is in the nature of a preliminary injunction, prohibitory in nature, and intended to maintain the status quo until the University's rights regarding the properties in question have been finally determined. As a preliminary injunction, the order of April 5, 1983 is appealable under 28 U.S.C. Sec. 1292(a)(1). Our review is for abuse of discretion.
 
 
 3
 The district court granted the motion extending the deadline over the University's objection. In its unreported opinion, Sansom Committee v. Lynn, No. 73-1444 (E.D.Pa. April 5, 1983), the court ruled that despite the University's pending appeal in Sansom I attacking the consent decrees, the court had residual jurisdiction to maintain the status quo. It went on to hold that if the deadline was not extended, the rights of the designees might be irretrievably lost because of the expiration date in the 1982 Consent Decree. It proceeded to enter the order now appealed by the University.
 
 
 4
 The University first challenges the power of the district court to enter the order while an appeal from the earlier order denying the University's motion to enforce the 1982 Consent Decree was pending. It is certainly a generally established legal principle that a district court lacks the power to act in a matter while an appeal is pending in such matter. See SEC v. Investors Security Corp., 560 F.2d 561, 568 (3d Cir.1977). However, it is well recognized that a district court possesses residual jurisdiction to enter orders to assist in maintaining the true status quo pending disposition of an appeal. See Hoffman v. Beer Drivers & Salesmen's Local Union No. 888, 536 F.2d 1268, 1276 (9th Cir.1976). It was under this theory that the district court granted the extension of time for the designees to purchase. In our view it assuredly could do so, assuming it had subject matter jurisdiction to enter the 1982 Consent Decree. Since we have held in our opinion in Sansom I that the district court had such subject matter jurisdiction, the University's attack on the district court's power to enter this order must fail.
 
 
 5
 Finally, the University argues that the district court erred by not providing for an evidentiary hearing before entering its order extending the time for the designees to elect whether to purchase the properties involved. This brings us to a rather technical aspect of this appeal. At the time the district court entered its order, the University's appeal in Sansom I from the order denying its motion to enforce the 1982 consent decree was already pending. Because of this pending appeal the district court did not have the power to decide the merits of the motion to modify the consent decree. As we have stated, however, the district court's opinion accompanying its April 5th order states that the order was only meant to "preserve the status quo pending the appeal from [its] previous orders in this case." Joint Appendix at 177. We have already held that the district court had residual jurisdiction to enter such an order maintaining the status quo but not addressing the motion to modify on its merits. Beer Drivers, supra. The merits of the motion to modify the consent decree are still an open issue in the district court, and are not affected or rendered moot by the district court's exercise of its power to maintain the status quo.
 
 
 6
 Did the district court abuse its discretion in not conducting an evidentiary hearing with respect to the Committee's motion even though the University filed a memorandum in opposition to the motion? We believe that the undisputed facts already in the record were adequate to sustain the district court's decision to grant an injunction maintaining the status quo. Given this, and our conclusion that the order appealed from does not determine the merits of the Committee's motion to modify the 1982 Consent Decree, we hold that the district court was within its discretion in not holding an evidentiary hearing and in ordering the extension of time to preserve the status quo.
 
 
 7
 The April 6, 1983 order of the district court will be affirmed. Costs will be taxed against appellant.
 
 GARTH, Circuit Judge, dissenting:
 
 8
 In Sansom Committee v. Lynn, 735 F.2d 1535, I concluded that the district court lacked subject matter jurisdiction to enforce the consent agreements as consent judgments with respect to the University of Pennsylvania. Because I would hold that the district court was without jurisdiction to enforce the consent "judgment," I would also hold that it was without jurisdiction to entertain the Committee's motion to modify the 1982 consent decree. I would therefore vacate the district court's order of April 5, 1983 that modified the decree by extending the deadline and I would direct the district court to dismiss this action for lack of subject matter jurisdiction. I therefore respectfully dissent from the majority opinion which reaches the merits of the controversy and affirms the district court's order.